**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHERYL D. SQUIRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-1121-SEB-VSS |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

This action for judicial review of the Commissioner's disability determination was remanded because the Administrative Law Judge's decision failed to adequately address whether the plaintiff's elbow contracture satisfied the disability standard for a 12-month period between her first operation on October 1, 2002, and her second operation on March 23, 2004. The court did not find, moreover, that there was substantial evidence supporting the ALJ's decision "as it regards [Squires'] right-elbow contraction condition between the alleged onset date of September 29, 2002 and March 23, 2004."

Plaintiff Cheryl D. Squires has now filed a petition for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").

**I.**

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Krecioch v. United States,* 316 F.3d 684, 688 (7th Cir. 2003).

The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only disputed point is whether the Commissioner's position was substantially justified.

The Commissioner's position is substantially justified if his conduct has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988)). In *Underwood*, the Court noted that

> a position can be substantially justified even though it is not correct, and we believe that it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id.* at 566 n.2. Thus, the mere fact that the Commissioner does not prevail in litigation does not mean that the Commissioner acted without substantial justification. *Smith,* 663 F. Supp. at 61; *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir. 1987) (substantial justification standard is a lesser criterion than the substantial evidence standard). The Commissioner bears the burden of proving that her position was substantially justified. *Marcus,* 17 F.3d at 1036. "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified. A decision by an Administrative Law Judge ("ALJ") constitutes part of the agency's pre-litigation conduct. *Sutton v. Chater,* 944 F.Supp. 638, 639 (N.D.Ill. 1996).

The court has again reviewed the briefs and the administrative record here, and in doing so agrees with the Commissioner that it was reasonable for the ALJ to conclude, consistent with the multiple consistent opinions of Squires' treating specialists, that she recovered from her October 2002 surgery such that she could perform at least limited ranges of light and sedentary work by December 2002-January 2003. It is this court's view that these circumstances, including the number of claims Squires presented and the fact that the ALJ's decision withstood challenge in every respect except the narrow purpose of the remand, show that the Commissioner's position in the litigation was justified to a degree that could satisfy a reasonable person. The Commissioner has thus met his burden of showing that defending the ALJ's decision in this action was substantially justified.

Accordingly, the plaintiff's application for the award of attorney fees under the EAJA must be, and is now, **denied.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/14/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana